# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MAJOR TAYLOR,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>_____,<br><br>　　　　Defendant(s). | Case No. 2:21-cv-01477-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

Initiating a case in federal court requires the filing of a complaint. Fed. R. Civ. P. 7(a)(1); *see also* Fed. R. Civ. P. 8(a) (describing required contents of complaint). Although the Court liberally construes the filings of litigants proceeding without an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's document initiating this case lacks basic required information such as the identity of the defendant(s). In addition, initiating a case in federal court requires either the payment of the filing fee or the filing of a motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a); *see also* 28 U.S.C. § 1915(a). In this case, Plaintiff neither paid the filing fee nor filed a motion to proceed *in forma pauperis*.

On August 11, 2021, the Court identified the above deficiencies and provided Plaintiff an opportunity to cure them. Docket No. 3. To that end, Plaintiff was required to file a proper complaint and to either pay the filing fee or file an application to proceed *in forma pauperis* by September 10, 2021. *Id.* at 1-2. The Court warned that "**[f]ailure to comply will result in a recommendation to the District Judge that this case be dismissed.**" *Id.* at 2 (emphasis in original). To date, Plaintiff has not complied with that order.

As noted above, there is not a complaint in this case and that defect has not been cured despite an opportunity to do so. Moreover, Plaintiff has not paid the filing fee or filed an

application to proceed *in forma pauperis*, and that defect has not been cured despite an opportunity to do so.

The undersigned finds that dismissal without prejudice is appropriate under the circumstances. A Court may dismiss an action based on a party's failure to prosecute the case or obey an order. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *E.g.*, *Ferdik*, 963 F.2d at 1260–61.

These factors weigh in favor of dismissal here. The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). A Court's warning to a party that its failure to obey an order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement, *see, e.g.*, *Ferdik*, 963 F.2d at 1262, and that warning was given here. The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: September 16, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).